BENJAMIN B. WAGNER
United States Attorney
CAMIL A. SKIPPER
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:     (916) 554-2709
Facsimile:      (916) 448-2900

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT EDWARD LANDRY,<br><br>　　　　　　　Defendant. | CASE NO. 2:06-CR-00501-LKK<br><br>**ORDER CONTINUING STATUS CONFERENCE AND FINDINGS REGARDING EXCLUDABLE TIME PURSUANT TO SPEEDY TRIAL ACT**<br><br>**STATUS CONFERENCE:  7/19/11** |

　　　　This matter came before the Court for status conference on June 28, 2011.  Plaintiff United States of America was represented by Assistant United States Attorney Camil A. Skipper, and defendant Robert Landry appeared by and through Assistant Federal Defender Ben Galloway who was appearing for counsel of record, Chief Assistant Federal Defender Linda Harter.

　　　　Government counsel advised the Court that she learned of the defendant's rejection of the plea agreement on the afternoon of June 27, 2011, and had not had an opportunity to consult with Ms. Harter, who was unexpectedly absent due to an urgent medical issue, about possible trial dates.  In light of the necessary consultation, the parties jointly requested a further status conference on July 19, 2011.  The parties represented that both Ms. Harter and the sign language interpreter would be available on that date.

　　　　The Court has heard and considered the request to continue the status conference and exclude time pursuant to the Speedy Trial Act, made by the parties in this matter, and makes the following findings:

1

[proposed] Order Continuing Status Conference And Findings
Regarding Excludable Time Pursuant To Speedy Trial Act
[*U.S.* v. *Landry*, 2:06-CR-501-LKK]

The Court hereby finds that the indictment in this case was filed on December 14, 2006; however, defendant first appeared before a judicial officer of the Court in which the charges in this case were pending on December 5, 2006.  The defendant entered pleas of not guilty on December 19, 2006, and the court set a status conference date of January 23, 2007.

The Court further finds that continuances were granted on January 23, 2007 (excluding time through February 27, 2007, pursuant to Local Code T4); February 27, 2007 (excluding time through March 20, 2007, pursuant to Local Code T4); March 20, 2007 (excluding time through April 3, 2007, pursuant to Local Code T4); March 28, 2007 (excluding time through April 17, 2007 pursuant to Local Code T4); April 17, 2007 (excluding time through May 1, 2007 pursuant to Local Code T4); April 23, 2007 (excluding time through May 8, 2007); May 8, 2007 (excluding time through May 25, 2007, pursuant to Local Code T4); and May 25, 2007 (excluding time through June 19, 2007, pursuant to Local Code T4).  By minute order, the Court vacated the June 19, 2007 hearing and rescheduled it to June 22, 2007.  The Court then granted continuances on June 22, 2007; July 2, 2007 (excluding time through August 28, 2007 pursuant to Local Code T4); August 24, 2007 (excluding time through December 4, 2007 pursuant to Local Code T4); November 29, 2007 (excluding time through January 29, 2008, pursuant to Local Code T4); February 1, 2008 (excluding time from January 29 through March 25, 2008); March 25, 2008 (excluding time through April 15, 2008, pursuant to Local Code T4); April 15, 2008 (excluding time through June 10, 2008, pursuant to Local Code T4); June 6, 2008 (excluding time through September 23, 2008, pursuant to Local Code T4); September 19, 2008 (excluding time through October 15, 2008, pursuant to Local Code T4); and October 15, 2008.  The Court then granted continuances on October 21, 2008 (excluding time through December 16, 2008, pursuant to Local Code C); December 15, 2008 (excluding time through January 21, 2009, pursuant to Local Code T4); January 21, 2009 (excluding time through March 17, 2009, pursuant to Local Code C); March 10, 2009 (excluding time through April 28, 2009, pursuant to Local Code C); April 28, 2009 (excluding time through August 4, 2009, pursuant to Local Code C); August 4, 2009 (excluding time through October 6, 2009, pursuant to Local Code C); October 7, 2009 (excluding time through March 2, 2010, pursuant to Local Code C); March 2, 2010 (excluding time through April 13, 2010, pursuant to Local Code C); April 13, 2010 (excluding time

1  through June 2, 2010, pursuant to Local Code C); May 11, 2010 (excluding time through June 29, 2010,
2  pursuant to Local Code T4); June 21, 2010 (excluding time through July 27, 2010, pursuant to Local
3  Code T4); July 29, 2010 (excluding time through September 8, 2010, pursuant to Local Code T4);
4  September 3, 2010 (excluding time through October 5, 2010, pursuant to Local Code T4); October 5,
5  2010 (excluding time through November 2, 2010, pursuant to Local Code C); October 29, 2010
6  (excluding time through December 14, 2010, pursuant to Local Code T4); and December 14, 2010
7  (excluding time through February 15, 2011, pursuant to Local Code C); February 15, 2011 (excluding
8  time through February 23, 2011, pursuant to Local Code T4); February 23, 2011 (excluding time through
9  April 19, 2011, pursuant to Local Code C); April 19, 2011 (excluding time through May 24, 2011,
10 pursuant to Local Code C);  and May 24, 2011 (excluding time through June 28, 2011, pursuant to Local
11 Code C).  The Speedy Trial Act requires that the trial commence on or before July 6, 2011.

   The Court hereby finds that the parties have demonstrated facts that support a continuance of the status conference date and have provided good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. 3161.  The Court further finds that:  (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. A further status conference is scheduled for July 19, 2011, at 9:15 A.M.
2. The time period of June 28, 2011, to July 19, 2011, inclusive, is excluded from computing the time within which the trial must commence, pursuant to 18 U.S.C. §3161(h)(7)(A) and (h)(7)(B)(iv) [Local Code T4].
3. Defendant shall appear in this Court on July 19, 2011, at 9:15 A.M.
4. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act

1  may in the future authorize the exclusion of additional time periods from the period within
2  which trial must commence.
3 IT IS SO ORDERED.

5 Date:  June 29, 2011

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4

[proposed] Order Continuing Status Conference And Findings
Regarding Excludable Time Pursuant To Speedy Trial Act
[U.S. v. Landry, 2:06-CR-501-LKK]